

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | NO. 04-673-2 |
| v. | : | |
| | : | CIVIL ACTION |
| IRA POTTER | : | NO. 08-4518 |

**FILED**

FEB 0 6 2009

MICHAEL E. KUNZ, Clerk
By_____/s/_____Dep. Clerk

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                    **February 6, 2009**

Ira Potter asks this Court to vacate his conviction or correct his sentence under 28 U.S.C. § 2255[1] on grounds he received ineffective assistance of counsel at trial and sentencing. Because I find counsel's representation was not deficient, I will deny Potter's motion.

## FACTS

Potter was convicted of robbery and conspiracy under the Hobbs Act, 18 U.S.C. § 1951(a) and possession of a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1). Potter and his co-defendant John Ashmore disabled a truck belonging to Daniel Freeman, the owner of a bar named Cousin Danny's Exotic Haven. Potter and his co-defendant, John Ashmore, disabled Freeman's truck outside Cousin Danny's. After Freeman left for home on foot, Potter and Ashmore broke into Freeman's truck and stole keys and paperwork containing Freeman's home address. Using the stolen keys, they entered Cousin Danny's and stole cash, a computer, camera equipment, and a

---

[1] 28 U.S.C. § 2255 provides in relevant part:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Smith-Wesson firearm. A week later, believing Freeman carried the bar's proceeds home each night, Potter, Ashmore, and Naim Hudgins entered the home Freeman shared with his sister, Eugenia, through a third-floor window. They first encountered and beat Freeman's cousin, Andrew Urey, and his cousin's girlfriend, Deborah Womack, with a wooden baseball bat, demanding the money from the bar.

When Urey failed to produce the bar's proceeds, Potter, Ashmore, and Hudgins went across the hall to Freeman's bedroom. Potter showed a gun to Freeman, demanding $20,000 from the bar's receipts. Freeman stated he did not have $20,000 and was beaten with a baseball bat. The three men restrained all four occupants with duct tape and left with the keys to the bar.

Freeman freed himself and located a police officer to report the incident. When Philadelphia police officers arrived at Cousin Danny's, they found the front door open. The officers discovered Hudgins and Ashmore hiding in the ladies' restroom. Ashmore implicated Potter as the leader of the robbery.

Ashmore and Hudgins both pled guilty and testified against Potter at his trial. Ashmore's testimony was corroborated by cell phone records of calls between Ashmore's and Potter's cell phones when Ashmore was inside the bar. Hudgins's testimony corroborated Ashmore's. The jury found Potter guilty of conspiracy to commit Hobbs Act robbery,[2] substantive Hobbs Act robbery, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 1951(a), 18 U.S.C. § 1951(a), and 18 U.S.C. § 924(c)(1) and (2), respectively. This court sentenced Potter to 205 months' imprisonment and five years' supervised release on June 2, 2005. The Third Circuit affirmed

---

[2]Potter and the government stipulated to Cousin Danny's engagement in interstate commerce.

on February 27, 2007. *United States v. Potter*, 218 Fed.Appx. 132, 138 (3d Cir. 2007). In his direct appeal, Potter alleged (1) insufficiency of the evidence, (2) error in limiting cross-examination of Hudgins as to his prior juvenile conviction, (3) erroneous jury instructions, and (4) flawed sentencing. *Id.* at 133. The Supreme Court denied Potter's petition for writ of certiorari on October 1, 2007. *Potter v. United States*, 128 S.Ct. 228, 228 (2007). Potter filed this timely petition on September 16, 2008.

**DISCUSSION**

Section 2255 "permits relief for an error of law or fact only where the error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Eakman*, 378 F.3d 294, 297 (3d Cir. 2004) (citations omitted). Potter has re-framed each of his issues which were unavailing on direct appeal as the product of ineffective assistance of counsel.

Potter argues under 28 U.S.C. § 2255 he is entitled to a new trial because he received ineffective assistance of trial for failing to prevail on the question of whether receiving stolen property is a *crimen falsi* to impeach Hudgins and for failing to force the Government prove every element of the offense by stipulating to the element of interstate commerce necessary for a Hobbs Act conviction. Potter also argues he received ineffective assistance of counsel at sentencing when counsel did not object to an erroneous reference to a plea agreement and failed to argue Potter merely possessed, but did not brandish, a firearm.

To demonstrate ineffective assistance of counsel, Potter must satisfy the Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Potter must demonstrate counsel's deficient performance, measured against the standard of "reasonably effective assistance," as defined by "prevailing professional norms." *Bond v. Beard*, 539 F.3d 256, 285 (3d Cir. 2008)

3

(*quoting Strickland*, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The second prong requires Potter to demonstrate prejudice based on the deficient performance. *Bond*, 539 F.3d at 285 (*citing Strickland*, 466 U.S. at 687). The second prong requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (*quoting Strickland*, 466 U.S. at 694).

The analysis begins with a "strong presumption" of the reasonableness of Potter's counsel's performance. *Strickland*, 466 U.S. at 689. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* (citation omitted). It is "only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989) (citations omitted).

The Third Circuit considered and rejected each of Potter's issues on direct appeal. *Potter*, 218 Fed. Appx. 132. Because counsel is not ineffective for failing to raise baseless issues, *Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980), none of Potter's complaints warrants a new trial.

Hudgins, a co-defendant, positively identified Potter at trial as the third home invader. Potter's counsel requested permission to impeach Hudgins's credibility with his juvenile conviction for felony receipt of stolen property under Rule 609(d), which states:

> **Juvenile adjudications.** Evidence of juvenile adjudications is generally not admissible under this rule. The court *may*, however, in a criminal case allow evidence of a juvenile adjudication of a witness

4

> other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

Fed. R. Evid. 609(d) (emphasis added). Conviction of a crime requiring proof of an act of dishonesty would be admissible to attack the credibility of an adult. Fed. R. Evid. 609(a)(2). Potter now argues his trial counsel was deficient for failing to investigate and brief the court on whether receiving stolen property is a *crimen falsi*. Potter cites *Bolus v. Fisher*, 785 A.2d 174 (Pa. Commw. Ct. 2001), to support his position receiving stolen property is a *crimen falsi*.

The Third Circuit addressed the question in Potter's direct appeal and declined to decide whether receiving stolen property is a *crimen falsi*.[3] Instead, it relied on the discretionary aspect of Rule 609(d) to affirm this Court's exclusion of the juvenile conviction. *See Potter*, 218 Fed. Appx. at 137. Hudgins was impeached at trial with questions about two separate criminal convictions, one for drug trafficking and one for possessing a firearm without a license. Hudgins's testimony was also corroborated by Ashmore's testimony. Applying the *Strickland* test, I find both that Potter's counsel was not deficient in arguing the question and that Potter was not prejudiced.

Potter argues his counsel was ineffective for stipulating to the interstate commerce element

---

[3]Third Circuit precedent points to an argument receiving stolen property would not be deemed a *crimen falsi*. Rule 609(a) allows admission of felonies punishable by one year or more and is discretionary, so the court applies the Rule 403 balancing act. *U.S. v. Greenidge*, 495 F.3d 85, 95 (3d Cir. 2007). But if admission is sought under Rule 609(a)(2) for *crimen falsi*, the court does not have discretion. *United States v. Wong*, 703 F.2d 65, 67 (3d Cir.1983) (recognizing trial courts have no discretion to exclude evidence of *crimen falsi* convictions). Because the district court lacks discretion to engage in balancing, Rule 609(a)(2) must be interpreted narrowly to apply only to those crimes that "bear on a witness's propensity to testify truthfully." *Cree v. Hatcher* 969 F.2d 34, 37 (3d Cir. 1992). Admitting evidence of a prior theft conviction is reversible error under Rule 609(a)(2). *United States v. Johnson*, 388 F.3d 96, 102 (3d Cir. 2004) (remanding for consideration whether the conviction was admissible under Rule 609(a)(1)). If theft is not *crimen falsi*, then arguably receiving stolen property is not *crimen falsi*.

5

of the offenses without Potter's consent. This argument is without merit. The authority to make decisions regarding the conduct of a criminal case is divided between the lawyer and the client. *Jones v. Barnes*, 463 U.S. 745 (1983). Certain decisions are "fundamental" and reserved to the client, such as deciding whether to plead guilty. *Id.* (citation omitted). However, deciding whether to stipulate to the interstate commerce element is not a "fundamental" right. In the Eleventh Circuit, for example, "where a defense attorney makes a tactical decision with constitutional implications, a stipulation does not require the defendant's consent." *Poole v. United States*, 832 F.2d 561, 564 (11th Cir. 1987) (citation and internal quotation marks omitted). In *Poole*, at issue was whether a defense attorney could stipulate to the insured status of banks. The insured status of the banks was "more a tactical decision than an infringement on an inherently personal right of fundamental importance." *Id.* (citation and internal quotation marks omitted). The Third Circuit allows such stipulations. *See, e.g., United States v. Thornton,* 327 F.3d 268, 270 (3d Cir. 2003) (stipulating to interstate commerce element); *United States v. Schoenhut*, 576 F.2d 1010, 1019 n.9 (3d Cir. 1978) (stipulating to insured status). Potter's counsel's stipulation to the interstate commerce element was a tactical decision, not a personal right of fundamental importance.

Potter relies on *United States v. Wang*, 222 F.3d 234 (6th Cir. 2000), in which the interstate commerce element of Hobbs Act robbery was not met when a robber stole business proceeds from a victim's home. The Third Circuit has already distinguished this case from *Wang* because the conspiracy in the instant case was directed to Cousin Danny's, and the substantive crime was directed to theft of keys to the bar by means of a violent robbery. *Potter*, 218 Fed. Appx. at 136. Similarly, *United States v. Perrotta*, 313 F.3d 33 (2d Cir. 2002), is inapplicable because in *Perrotta*, the acts were directed at an employee, and not the business, as it was in this case.

6

As noted by the Third Circuit in the Potter's appeal, the stipulation "did not affect the outcome of the proceeding." *Potter*, 218 Fed. Appx. at 138. It was neither unreasonable for the defense trial counsel to stipulate to the interstate commerce element nor was there a reasonable probability of prejudice to the outcome. Thus, Potter's trial counsel was not deficient in this instance.

Potter also argues deficiency of his trial counsel's performance for failing to object to this Court's jury instruction on the stipulation. This Court stated, "[Interstate] commerce is not an issue, because there was a stipulation agreeing that the elements of the [inter]state commerce were met." (Tr. 3.206.) As he did in his direct appeal, Potter argues trial counsel should have objected to the jury instruction on the ground it impermissibly directed verdict on an element of the offense. *See United States v. Mentz*, 840 F.2d 315, 318 (6th Cir. 1988) (finding impermissible a directed verdict on the insured status element of bank robbery offense). The Third Circuit found this court's statement "did not affect the outcome of the proceeding." *Potter*, 218 Fed. Appx. at 138. Thus, there was no prejudice to Potter.

The stipulation impacted the jury instruction for Hobbs Act robbery, Potter argues, inviting conviction for any attempt to take the property of anybody against his or her will by the use of force. This argument is without merit. The jury instruction in question stated: "Now, if you decide that the defendant obtained or attempted to obtain another's property against his will or her will by the use or threat of force, violence or fear of injury, you must then decide whether this action will affect interstate commerce in any way or degree." (Tr. 3.206.) Robbery, as defined in the codification of the Hobbs Act, is the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession . . . ."

7

18 U.S.C. § 1951(b)(1). The jury instruction was virtually identical to the statute's definition of robbery. Therefore, trial counsel acted reasonably in not objecting to the instruction.

Potter also alleges his counsel was ineffective during sentencing. A petitioner who attacks the sentencing proceeding must allege: "(1) that the district court received misinformation of a constitutional magnitude and (2) that the district judge relied at least in part on that misinformation." *Eakman*, 378 F.3d at 298. Potter argues his counsel should have filed a written objection to the Pre-Sentence Investigation Report (PSIR), which mistakenly referred to a non-existent plea agreement with stipulations. This argument is frivolous. *Potter*, 218 Fed.Appx. at 138. This court was well aware of Potter's lack of a plea agreement because this court presided over his jury trial. Potter's counsel need not have objected; this Court did not rely on the misinformation.

Potter argues deficiency of his sentencing counsel's performance for failing to object to the PSIR's recommendation of sentencing under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm. Potter suggests the evidence must show he waved a firearm in a "menacing" fashion to support an allegation he "brandished" a firearm. This argument is without merit. The Federal Sentencing Guidelines define "brandished" as displaying "all or part of the weapon . . . or the presence of the weapon was otherwise made known to another person, in order to intimidate that person." U.S.S.G. § 1B1.1, comment (n.1(C)).

Freeman testified Potter displayed a gun to intimidate him. (Tr. 2.86-2.88.) Since Freeman's testimony established Potter's brandishing of a firearm, sentencing counsel acted reasonably in not objecting to the PSIR's brandishing recommendation.

Potter argues counsel should have objected to his sentence under 18 U.S.C. § 924(c)(1)(A)(ii) because the jury did not decide he had "brandished" a firearm. This argument is without merit. The

8

Supreme Court and the Third Circuit agree, "'brandishing' a firearm is an aggravating factor to be considered at sentencing, not an element of the crime of carrying a firearm under 18 U.S.C. § 924(c)(1)(A)." *United States v. Reaves*, 65 Fed. Appx. 817 (3d Cir. 2003) (*citing Harris v. United States*, 536 U.S. 545 (2002)). "Brandishing, therefore, does not implicate the defendant's right to an indictment, trial, or conviction upon proof of each element of the crime beyond a reasonable doubt." *Id.* Since it was not within the jury's province to determine whether Potter brandished a firearm, Potter's sentencing counsel acted reasonably in not objecting to it.

Finally, Potter argues his counsel was ineffective for failing to object to the increase in his Base Offense Level for an aggravating role. Potter's counsel objected at sentencing to the increase. Potter argues his lead role was established by unreliable testimony from Ashmore and Hudgins. Potter cites *Lee v. Illinois*, 476 U.S. 530 (1986), which held testimony untested on cross examination is unreliable. Since Potter's sentencing counsel objected to the increase in his Base Offense Level, this court finds his sentencing counsel acted reasonably.

## CONCLUSION

For the reasons above, Potter's motion to vacate, set aside, or correct sentence is DISMISSED. An appropriate order follows.
9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | NO. 04-673-2 |
| v. | : | |
| | : | CIVIL ACTION |
| IRA POTTER | : | NO. 08-4518 |

## **ORDER**

An now this 6th day of February, 2009, Petitioner's Motion to Set Aside or Vacate a Sentence (Document 112) is DENIED.

BY THE COURT:

_____
Juan R. Sánchez                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | NO. 04-673-2 |
| v. | : | |
| | : | |
| | : | CIVIL ACTION |
| IRA POTTER | : | NO. 08-4518 |

### ORDER

An now this 6th day of February, 2009, Petitioner's Motion to Set Aside or Vacate a Sentence (Document 112) is DENIED.

BY THE COURT:

_____
Juan R. Sánchez,                J.